NATIONAL GUM & MICA CO. et al. v. CENTURY PAINT & WALL PAPER CO. et al.

(Supreme Court, Appellate Division, First Department. June 18, 1909.)

PLEADING (§ 280*)—SUPPLEMENTAL ANSWER.

 A defendant who has not been guilty of laches may plead by a supplemental answer a compromise agreement made since the action was brought.

 [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 844; Dec. Dig. § 280.*]

Appeal from Special Term, New York County.

Action by the National Gum & Mica Company and another against the Century Paint & Wall Paper Company and others. From an order denying leave to serve a supplemental answer, defendant William A. MacCormack appeals. Reversed.

See, also, 124 App. Div. 569, 109 N. Y. Supp. 286.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Henry G. K. Heath, for appellant.

Edward A. Alexander (Jerome H. Buck, on the brief), for respondents.

LAUGHLIN, J. This is a suit in equity for an accounting, and it is based on an agreement between the plaintiffs, as parties of the first part, and the defendants other than the administrator, and with the decedent Ernest R. Barron, as parties of the second part. The agreement recites that the plaintiffs owned the entire capital stock of the defendant company, and that they thereby sold their interest as stockholders in the company to the defendant and released a claim which they had against the company for money loaned, but reserved certain claims for merchandise sold and delivered to the company. The parties of the second part agreed to pay the cash consideration therein specified on the delivery of the capital stock and to sell and dispose of the merchandise owned by the company and to collect the bills and accounts receivable which it then owned, and also the bills and accounts receivable upon the sale of the merchandise then on hand, and after deducting therefrom certain expenses therein specified, and paying certain bills and accounts against the company, to pay over to the parties

of the first part the surplus.  These are the only provisions of the agreement material to the question presented by the appeal.  The plaintiffs allege performance of the agreement on their part by transferring the capital stock and releasing the claim for money loaned and by the delivery to the defendants of the assets of the company; that the parties of the second part to the agreement managed and controlled and continued the business of the company until the death of Barron; that it has since been so continued by the defendants MacCormack and Densmore for their own profit; that the parties of the second part to the agreement failed to sell and dispose of the merchandise for the benefit of the plaintiffs, as provided in the agreement, and have retained and used as their own a large part of the merchandise; that they sold part of the merchandise and collected part of the outstanding accounts, and on account of such sales and collections there remains a surplus over and above the amount which the parties of the second part to the contract were entitled to take, about $15,000, to which the plaintiffs are entitled; that there remains in the possession of the defendants the merchandise which they agreed to sell but have not sold and part of the outstanding accounts which they agreed to collect but have failed to collect, of the value of many thousands of dollars; and that the parties of the second part to the agreement have otherwise, in respects not material to the question now under review, failed and neglected to perform the same.  Judgment is demanded that the defendants account to the plaintiffs for the amount due and owing under said agreement and retransfer to the plaintiffs the accounts and property remaining in the possession of the defendants, transferred to them under said agreement.

The supplemental answer, which the appellant is desirous of interposing, sets forth as a further separate and distinct defense that, since the commencement of the action, the plaintiffs and the other defendants and the assignee of the defendant company have entered into an agreement, a copy of which, exclusive of the signatures, is thereto annexed, and have, pursuant to the terms of the agreement, made the payments therein specified, and have released the goods and accounts and fully carried out the terms of the agreement, and that by reason of the premises, all right and claim, if any, of the plaintiffs against this defendant for an accounting and for the delivery over of the moneys and property and damages have been released, surrendered, and discharged.  The agreement, which is made a part of the supplemental answer, recites the commencement of this action; that the parties are desirous of adjusting their differences and of preserving the plaintiffs' rights against this appellant; that the agreement is not intended as a full satisfaction of the claim of the plaintiffs, but only of a satisfaction of their claims against the defendants other than this appellant; that all of the parties thereto expressly reserve any rights and remedies which they have against the appellant; that the defendant company has agreed to pay the plaintiffs the sum of $2,500, and the other defendants who were parties to the agreement the sum of $1,666.66, and the plaintiffs thereby released and discharged the other parties from all existing claims and liabilities and agreed to discontinue this action as against them, and, referring to the agreement on which

this action is based, to transfer, release, and discharge to William W. Davis, as assignee of the defendant company, "any and all merchandise in the said written agreement, and also all uncollected book accounts and outstanding accounts therein mentioned, conferring upon the said William W. Davis, as assignee of the said Century Paint & Wall Paper Company, all the right, title, and interest which the said parties of the first part have or may have in and to the said merchandise and accounts outstanding, reserving, however, as aforesaid, all the rights and remedies which the said parties of the first part now have against the said William A. MacCormack." The plaintiffs further therein agreed to hold the defendants with whom the agreement was made harmless and to indemnify them and each of them against any loss on account of any claim for contribution on the part of the appellant on account of any judgment which the plaintiffs may recover against him herein. This compromise between the plaintiffs and part of the defendants was made on the 3d day of March, 1909, long after the action was at issue.

The question as to whether and to what extent this compromise and agreement is available as a defense in favor of the appellant is not presented for adjudication. The appellant claims that the plaintiffs have, at least, thereby forfeited their right to require the appellant to account for the property for which they demand an accounting in this action, but which, pending this action, they have transferred by this compromise agreement. Without the supplemental answer, the appellant would not be in a position to assert any defense on account of the compromise agreement. It is manifest therefore that he should have leave to serve the supplemental answer, and he has been guilty of no laches.

It follows therefore that the order should be reversed, with $10 costs and disbursements, and the motion granted. All concur.