GASKELL v. NOLTE.

(Supreme Court, Appellate Division, First Department.   June 3, 1910.)

1. PARTNERSHIP (§ 327*) — DISSOLUTION—ACCOUNTING—PLEADING—SUPPLE-
MENTAL ANSWER.
   Where, after the commencement of a suit between partners for dissolu-
tion and accounting, a dissolution agreement was entered into setting
forth their mutual rights and obligations present and future, defendant
was entitled by supplemental answer to set up such dissolution agreement
as a separate defense, and plead that complainant had an adequate rem-
edy at law under such agreement, and could not maintain the suit for an
accounting.
   [Ed. Note.—For other cases, see Partnership, Cent. Dig. § 775; Dec. Dig.
§ 327.*]

2. PARTNERSHIP (§ 327*)—ACTION FOR DISSOLUTION—ISSUES AND PROOF.
   A dissolution agreement between partners, entered into after the com-
mencement of a suit for dissolution and an accounting, could not be proved
unless pleaded.
   [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 776, 777;
Dec. Dig. § 327.*]

3. APPEAL AND ERROR (§ 123*)—RULINGS APPEALABLE.
   A statement by the trial judge, in his memorandum granting defendant
leave to serve a supplemental answer, that the proposed defense "is not a
counterclaim and needs no reply," not carried forward into the order made
pursuant to such memorandum, was not an adjudication and was not the
subject of an appeal.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 875–
881; Dec. Dig. § 123.*]

Appeal from Special Term, New York County.

Action by Robert E. Gaskell against Charles H. Nolte.   From parts
of an order granting defendant's motion for leave to serve a supple-
mentary answer in part only, he appeals,   Reversed and remanded in
so far as to permit the service of a supplemental answer containing
the first and separate defense proposed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT,
CLARKE, and DOWLING, JJ.

Herman Elfers, for appellant.
Cromwell G. Macy, for respondent.

SCOTT, J.   Defendant appeals from an order which grants, only
in part, his motion to serve a supplemental answer.   The plaintiff and
defendant were copartners, and this action was begun in June, 1909,
for a dissolution and accounting.   Issue was joined on July 20, 1909.
Subsequently the parties entered into a dissolution agreement in which
the mutual rights and obligations of the parties, present and future,
were set forth with considerable particularity.   The defendant now
seeks to serve a supplemental answer, containing three separate de-
fenses.

The first separate defense, which the court below has refused to
allow to be interposed, sets up the dissolution agreement, and avers
that by reason thereof, if the plaintiff has any claim against defendant,
he has an adequate remedy at law, and that defendant is financially re-

sponsible; wherefore, as it is alleged, the plaintiff cannot maintain this action in equity. We are not advised of the grounds upon which the court below acted in refusing to allow this defense to be pleaded. It is quite obvious that the compromise agreement has so far changed the relations of the parties to each other and to the copartnership property that the appropriate relief cannot be given without taking into account that agreement, which, however, cannot be proven unless it is pleaded. National Gum & Mica Co. v. Century Paint Co., 133 App. Div. 48, 117 N. Y. Supp. 712. What the precise effect of the compromise agreement will be upon the judgment, or whether it has the effect claimed for it by defendant, it is not necessary now to inquire. The defendant has a right to plead it, and to claim for it such force and effect as he sees fit.

The second defense, which is also denominated a "counterclaim," again sets out the dissolution agreement, and alleges that plaintiff has already violated it, whereby it is said the defendant has suffered damage which he seeks to recover. The learned justice before whom the motion was heard filed a memorandum permitting this defense to be pleaded, in which he stated that the defense "is not a counterclaim and needs no reply." No such qualification is to be found in the order, which simply permits defendant to serve a supplemental answer containing the separate and distinct defense. The expression of the opinion of the learned justice that this defense is not a counterclaim and calls for no reply is not an adjudication and is not the subject of appeal, and in affirming so much of the order we do not express an opinion upon the efficacy of the defense as a counterclaim, or to the necessity of a reply thereto.

A third separate defense was included in the proposed supplemental answer, and was not allowed to be served. No appeal is taken in that regard.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion granted in so far as to permit the service of a supplemental answer containing the first and second separate defenses as contained in the proposed supplemental answer. All concur.

---

### In re MOSES' ESTATE.

(Supreme Court, Appellate Division, Second Department.  May 26, 1910.)

1. TAXATION (§ 876*)—INHERITANCE TAX—PROPERTY SUBJECT.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes